IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 3:22-CR-11-TAV-DCP |
| COREY J. DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case came before the undersigned on November 15, 2022, for a motion hearing on Defendant Corey Davis's Motion to Dismiss for Sixth Amendment Right to Counsel Violation, or in the Alternative Motion to Order the Knox County Sheriff and Jail to Allow the Defendant to Communicate with his Counsel [Doc. 183], filed on November 3, 2022.[1] Assistant United States Attorney Alan Scott Kirk appeared on behalf of the Government. Attorney Jeremy D. Bowie represented Defendant Davis, who was also present.

In his motion, Defendant Davis argues that the Knox County Sheriff's Office ("KCSO") violated his Sixth Amendment right to counsel by preventing him from talking with his attorneys on October 19, 20, 24, and 31, 2022 [Doc. 183 p. 1–2, Exhs. A–D & F]. He contends that KCSO's failure to respond to repeated email messages requesting a telephone conference caused him to miss the plea deadlines set by the Government and the Court [*Id.* at 2–3]. Defendant

---

[1] The Court granted Defendant Davis's Motion to Continue Plea Agreement Deadline, Motion Deadline, and Trial [Doc. 169], also heard on November 15, 2022, in a separate Memorandum and Order [Doc. 202]. The Court extended the trial date to January 31, 2023, and set a new plea deadline of December 30, 2022.

asserts that KCSO's interference with his right to counsel "mandates" action by this Court [*Id.* at 5]. He asks the Court to dismiss the charges or, alternatively, to continue the trial and plea deadlines and order KCSO to allow him to communicate with counsel [*Id.* at 5–6].

The Government responds in opposition, contending that Defendant has failed to show that KCSO, rather than defense counsel's own equipment or faulty information, denied Defendant's access to counsel [Doc. 194 p. 1]. It asserts that KCSO gave Defendant ample opportunity to contact defense counsel by telephone, video conference, and in person; however, Defendant's inability to reach counsel apparently resulted from defense counsel's lack of working telephone numbers [*Id.* at 2–3]. The Government notes that defense counsel did not alert the United States Marshal Service to their communication problems and did not avail themselves of AUSA Kirk's offers of help [*Id.* at 5–6; Doc. 194-1 p. 1]. The Government states it will not oppose a brief trial continuance to allow Defendant to communicate with counsel but cautions that it will oppose any additional motions to continue the trial [Doc. 194 pp. 6–7].

The Sixth Amendment guarantees criminal defendants the assistance of counsel "[i]n all criminal prosecutions[.]" U.S. Const. amend. VI. Defendant argues and the Government concedes that his right to counsel has attached and that he is entitled to counsel's assistance during post-indictment plea negotiations [Docs. 183 pp. 16–17; Doc. 194 p. 2].[2] *See Missouri v. Frye*, 566 U.S. 134, 145 (2012) (holding that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused"); *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010) (observing that

---

[2] Defendant asserts that he "is in the middle of plea negotiations" [Doc. 183 p. 17]. The Government states that plea negotiations have ended. According to the Government, it extended a plea offer to Defendant Davis through counsel on June 29, 2022, and informed defense counsel the plea offer would expire on October 24, 2022. At the motion hearing, AUSA Kirk reiterated that the parties are not in plea negotiations and that negotiations ended on October 24, 2022.

2

"the negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel"). The parties diverge on the cause of Defendant's inability to communicate with counsel and on the appropriate remedy. For the reasons discussed below, the Court finds that the problems with attorney-client communications can be remedied with investigation by defense counsel and jail officials, with the assistance of the Marshals Service.

First, the Court finds that dismissal of the charges is not an appropriate remedy. Assuming for the sake of argument that law enforcement's restriction of one form of communication (telephone calls) between Defendant and counsel violates the Sixth Amendment right to counsel, Defendant fails to show that the appropriate remedy is dismissal of the charges. The cases cited by Defendant in his brief, which find defendant received the ineffective assistance of counsel due to counsel's advice (or lack thereof) regarding a plea offer, provide for, at best, resentencing pursuant to the plea agreement, not dismissal of the charges. *See Lafler v. Cooper*, 566 U.S. 156, 174 (2012) (finding counsel was ineffective and defendant was prejudiced by counsel's advice to reject a plea offer and that the "correct remedy . . . is to order the State to reoffer the plea agreement" and, if petitioner accepts the offer, allow the state trial court to either accept the agreement, vacate the convictions, and resentence defendant pursuant to the agreement or reject the agreement and leave the convictions and sentence in place); *see also Frye*, 566 U.S. at 138, 149–50 (finding that counsel provided ineffective assistance in failing to advise defendant of plea offer before it expired and remanding for determination of prejudice and, if prejudice is established, the proper remedy is discussed in *Lafler*, 566 U.S. at 162–75).

When asked for authority supporting dismissal of the charges at the November 15 motion hearing, Mr. Bowie referred the Court to his brief and then emphasized his alternative request

3

that the Court order KCSO to allow him to communicate with his client. The Court finds Defendant has failed to show that dismissal of the charges is an available remedy and turns next to whether KCSO interfered with attorney client communications.

"Not every restriction on counsel's time or opportunity to investigate *or to consult with his client* or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel." *Morris v. Slappy*, 461 U.S. 1, 11 (1983) (emphasis added). Here, Defendant argues that KCSO prevented counsel from scheduling a telephone call with him. Defendant states he sent numerous emails to various email addresses at the KCSO on October 19, 20, 24, and 31, attempting to set up a telephone call and that the jail never responded. Defendant acknowledges that he was permitted to contact counsel by text message through VendEngine on October 24, 2022, at 1:23 p.m. [Doc. 183 pp. 33–34; Exh. E]. In this text message, Defendant informs Mr. Bowie that he tried calling the office number, but it was the wrong number, even though the officer confirmed the number for the Perkins Law Group by looking up the office on the internet [*Id.* at 34]. Defendant's text also relates that the officer tried to call Mr. Bowie's and co-counsel's personal numbers but received a message that the numbers were disconnected [*Id.*]. The Court has no evidence that defense counsel attempted to contact Defendant through any other means, such as by text message or by visiting him in person at the detention center. Nor does the Court have any information that defense counsel attempted to contact KCSO by telephone, when defense counsel failed to get a response to the emails sent to KCSO on October 19 and 20, 2022.

At the motion hearing, the Government introduced a video clip showing Defendant reporting to an officer at KCSO on November 4, 2022, that he has not been able to contact defense counsel by telephone [Exh. 1]. In this video clip, Defendant acknowledges that KCSO

4

officers have tried to help him contact counsel. Defendant also states that after the failed attempt to call counsel on October 24, Defendant made a video call to his girlfriend and asked her to call counsel. Defendant said that defense counsel answered his girlfriend's call right away, and Defendant spoke to defense counsel through his girlfriend's telephone, explaining his failed attempt to call counsel earlier. Defendant said counsel responded that he did not know what was going on at the jail but that he had filed a motion with the Court. The officer told Defendant that he could make a confidential video chat with his attorney, but Defendant said counsel declined to communicate through any media except Zoom. The officer offered to allow Defendant to attempt to call counsel again, but Defendant declined, stating that he would talk with his attorney when he went to a hearing on November 9. Throughout the video clip, Defendant speculated that "the government" was preventing him from contacting his attorneys.

This video clip reveals a problem with Defendant contacting defense counsel by telephone from the detention center's telephone but does not reveal who is at fault. Importantly, the Court has no evidence that KCSO deliberately tried to prevent Defendant from communicating with counsel. In fact, the opposite is true, in that KCSO attempted to help Defendant contact counsel but was met with messages that the telephone numbers provided were the wrong numbers or were disconnected. Based on the information before it, the Court is not able to determine which party—KCSO or defense counsel—was at fault in the failure of the emails and telephone calls to go through. The Court does find that when met with impediments to communication such as KCSO's failure to respond to emails and, particularly, after receiving Defendant's text message that he could not reach counsel using the telephone numbers provided, defense counsel should have sought assistance, either by calling KCSO or the marshals.

5

At the November 15 motion hearing, the Court instructed the parties to confirm that defense counsel could communicate with Defendant going forward and asked the parties to make test calls. The Marshals Service informed the Court that on November 16, 2022, KCSO successfully performed test calls from the detention center to the Perkins Law Group and to the cellphone numbers of both defense counsel. The Court finds that the problem with communications appears to be resolved. Additionally, the Court finds that with the trial continuance, defense counsel have additional time to confer with Defendant and to prepare this case for trial. Accordingly, Defendant Corey Davis's Motion to Dismiss for Sixth Amendment Right to Counsel Violation, or in the Alternative Motion to Order the Knox County Sheriff and Jail to Allow the Defendant to Communicate with his Counsel [**Doc. 183**] is **DENIED as moot**. In the future, defense counsel are **DIRECTED** to first contact the Marshals Service about any problems with client communications before filing a motion with the Court.

In summary, the Court **ORDERS** as follows:

(1) The Court finds that the problem with attorney-client communications appears to be resolved and that counsel now have additional time to communicate with Defendant and to prepare this case for trial on January 31, 2023;

(2) Defendant Corey Davis's Motion to Dismiss for Sixth Amendment Right to Counsel Violation, or in the Alternative Motion to Order the Knox County Sheriff and Jail to Allow the Defendant to Communicate with his Counsel [**Doc. 183**] is **DENIED as moot**; and

(3) Defense counsel are **DIRECTED** to first contact the Marshals Service about any problems with client communications before filing a motion with the Court.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge